BARRETT K. GREEN, Bar No. 145393
bgreen@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

Attorneys for Defendant
ASSURANT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC SIEGEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SCRIPPS NETWORKS INTERACTIVE, INC.; SCRIPPS NETWORKS, LLC; CARLSEN RESOURCES, INC.; ASSURANT, INC.; DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:16-cv-2166<br><br>**DEFENDANT ASSURANT, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION** |

TO THE CLERK OF THE COURT OF THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ERIC SIEGEL AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant ASSURANT, INC. ("Defendant" or "Assurant") hereby effects the removal of this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

Removal is based on 28 U.S.C. sections 1332 (a) (Diversity Jurisdiction), 1441(b), and 1446, as follows:

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute: 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS AND ORDERS

2. On or about February 16, 2016, Plaintiff filed an original complaint in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Eric Siegel, an individual, Plaintiff v. Scripps Networks Interactive, Inc.; Scripps Networks, LLC; Carlsen Resources, Inc.; Assurant, Inc.; Does 1-50 inclusive, Defendants*, Case Number BC610708 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

3. In compliance with 28 U.S.C. section 1446(a), attached as the following exhibits are all process, pleadings, and orders filed in this action:

    Exhibit A – Complaint;

    Exhibit B – Summons;

Exhibit C – Notice of Case Assignment;

Exhibit D – Civil Case Cover Sheet, and Civil Case Cover Sheet Addendum;

Exhibit E – Various stipulation forms; and

Exhibit F – Notice of Case Management Conference.

To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in this action.

## TIMELINESS OF REMOVAL

4. The Complaint was filed on February 16, 2016. On March 1, 2016, the Complaint was received by Defendant's corporate law department at Defendant's headquarters in New York City, New York.

5. This Notice of Removal is timely filed as it is filed within 30 days of the service of the Summons and Complaint. 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

6. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when (a) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (b) the dispute is between citizens of different states. *Id.* § 1332(a)(1). Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case.

7. The United States Supreme Court has held under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC. v. Owens* ("*Owens*"), ___U.S. ___, 2014, 135 S. Ct. 547, U.S. LEXIS 8435 at *10 (2014). The Court further held this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at *6, 10.

### A.     Amount In Controversy

8.     Plaintiff's Complaint is silent as to the total amount of damages claimed. However, the Complaint alleges:

    a.     In excess of $25,000 in general damages; plus

    b.     In excess of $25,000 in special damages.

(Complaint, page 16, lines 6-9.)

9.     The failure of the Complaint to specify the total amount of damages sought does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) ("The defendant may remove suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy . . . otherwise . . . any Plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim."). Defendants need not submit evidence to support its notice of removal. *Owens*, ___U.S. ___, 2014 U.S. LEXIS 8435, *6. Defendants need only plausibly allege that the amount in controversy exceeds $75,000. *Id.*

10.     Here, in addition to the combined minimum of $50,000 claimed by Plaintiff in general and special damages, Plaintiff claims a trebling of damages. (Complaint, page 16, line 12.) This alone would take the amount in controversy to in excess of $75,000.

11.     In the Complaint, Plaintiff also claims punitive damages. (Complaint, page 16, lines 14-15.) A claim for punitive damages alone could easily exceed $75,000.

12.     Plaintiff also claims "statutory damages" and attorneys' fees. (Complaint, page 16, lines 11, and 18-19.) A claim for attorneys' fees alone could exceed $75,000.

13.     A conservative estimate of the amount in controversy is well in excess of $100,000. Accordingly, from the allegations in the Complaint, it is respectfully

3.

submitted that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

### B.  Diversity Of Citizenship

14.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *Murroquin v. Wells Fargo, LLC*, 2011 U.S. Dist. LEXIS 10510, at *3-4 (S.D. Cal. 2011); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile); *see Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). Here, Plaintiff is a resident of the County of Los Angeles, California. Complaint, ¶ 1. Accordingly, Plaintiff is a citizen of the State of California.

15.  For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters." *Hertz Corp. v. Friend*, 559 U.S. at 78.

16.  Defendant is incorporated under the laws of the State of Delaware. (Complaint, ¶ 5; Declaration of Jessica Olich in Support of Assurant, Inc.'s Notice of Removal ("Olich Dec."), ¶ 3.) The State of New York is Defendant's principal place

4.

of business. (Olich Dec., ¶ 4.) Defendant maintains its corporate headquarters and principal operations in New York City, New York. (Olich Dec., ¶ 4.) Thus, Defendant is a citizen of the States of Delaware and New York.

17. With respect to Defendant Carlsen Resources, Inc. ("Carlsen"), Plaintiff alleges that Carlsen is a Colorado corporation. Defendant Assurant is informed and believes that Carlsen's principal place of business is Grand Junction, Colorado. (Declaration of Barrett K. Green ("Green Dec.") at ¶ 4.)

18. With respect to Defendants Scripps Networks Interactive, Inc., and Scripps Networks, LLC (collective "Scripps"), Plaintiff alleges that Scripps Networks Interactive, Inc., owns Scripps Networks, LLC; that Scripps Networks Interactive, Inc., is a Delaware corporation, and that Scripps Networks, LLC, is a Delaware limited liability company (Complaint, ¶ 2.) Defendant Assurant is informed and believes that Scripps Networks Interactive, Inc., is an Ohio corporation, with its principal place of business is Knoxville, Tennessee. (Green Dec. at ¶ 5.) Defendant Assurant is informed and believes that (a) Scripps Networks, LLC is a Delaware limited liability company with its principal place of business in Knoxville, Tennessee, and (b) the sole member of Scripps Networks, LLC is Networks Holdings, Inc., which is a Delaware corporation with its principal place of business located in Knoxville, Tennessee. (Green Dec. at ¶ 5.)

19. Defendants DOES 1 through 50 are fictitious. Complaint, ¶ 6. The Complaint does not set forth the identity or status of any of said fictitious defendants. Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); accord *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (citing 28 U.S.C. § 1441(a)); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

20. Accordingly, Plaintiff is a citizen of California, Defendants are not citizens of California, and, therefore, the requirement that the parties be citizens of different states (28 U.S.C § 1332(a)) is met.

### VENUE

21. Venue for removal is proper in this Court because this action was originally filed in the Los Angeles County Superior Court, located within the District and Division of the Court. *See* 28 U.S.C. §§ 84(c), 1441(a). Plaintiff also alleges that he is a resident of Los Angeles, California. Complaint, ¶ 1.

### ALL NAMED DEFENDANTS CONSENT TO AND JOIN THE REMOVAL

22. Counsel for Assurant has conferred with counsel for the Scripps defendants, and counsel for Carlsen, and all defendants join in and consent to this Notice of Removal. (Green Dec. at ¶ 3; see *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009), authorizing representation of consent by attorney for removing party.)

23. The DOE Defendants have not been identified or served. Thus, they need not join or consent to this Notice of Removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1426, 1429 (9th Cir. 1984) *superseded in part on other grounds by statute as stated in Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988) (named defendants not yet served in state court action need not join the notice of removal).

### NOTICE TO PLAINTIFF

24. Following the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, Hua Gallai, LLP, and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court of the Central District of California.

Dated: March 30, 2016         Respectfully submitted,

                                   */s/ Barrett K. Green*
BARRETT K. GREEN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ASSURANT, INC.

Firmwide:139606543.7 066383.1069

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7.