# EXHIBIT A

Nicholas T. Hua, Bar No. 231035
Nick@hua-gallai.com
Giacomo Gallai, Bar No. 227544
gg@hua-gallai.com
HUA GALLAI, LLP.
433 North Camden Drive, 4th Floor
Beverly Hills, CA 90210
Phone: (310) 279-5239
Facsimile: (480) 393-4433

Attorneys for Plaintiff
ERIC SIEGEL

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 16 2016

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Moses Soto

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

UNLIMITED JURISDICTION

| | |
|---|---|
| ERIC SIEGEL, an individual<br><br>Plaintiff,<br><br>v.<br><br>SCRIPPS NETWORKS INTERACTIVE, INC.; SCRIPPS NETWORKS, LLC; CARLSEN RESOURCES, INC.; ASSURANT, INC.; DOES 1-50, inclusive;<br><br>Defendants. | Case No. **BC610708**<br><br>COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF<br>1. NEGLIGENCE<br>2. NEGLIGENCE PER SE<br>3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>4. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br>5. VIOLATION OF LABOR CODE 1050 ET SEQ.<br>6. VIOLATION OF BUSINESS & PROFESSIONS CODE 17200 ET SEQ.<br>7. INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONSHIP/ECONOMIC ADVANTAGE<br>8. BREACH OF CONTRACT<br>9. BREACH OF IMPLIED CONTRACT OF GOOD FAITH AND FAIR DEALING AND BREACH OF DUTY TO USE BEST EFFORTS<br>10. LABOR CODE SECTION 1102.5<br><br>DEMAND FOR JURY TRIAL<br>By Fax |

Plaintiff ERIC SIEGEL ("Plaintiff") seeking damages as set forth below, hereby complains against Defendants SCRIPPS NETWORKS INTERACTIVE, INC., a corporation; SCRIPPS NETWORKS LLC, a limited liability company; CARLSEN RESOURCES, INC., a corporation;

-1-
COMPLAINT

ASSURANT, INC., a corporation; and DOES 1 through 50, inclusive and each of them (collectively "Defendants"), and alleges thereon:

### THE PARTIES

1. Plaintiff is an individual who, at all relevant times hereto, resides in the County of Los Angeles. Plaintiff is a resident and citizen of the State of California. Plaintiff used to work for Defendants Scripps Networks Interactive, Inc. and Scripps Networks, LLC ("Scripps"). Scripps is located at 5757 Wilshire Blvd., in Los Angeles, 90036.

2. Plaintiff is informed and believes that, at all relevant times, Defendant Scripps Networks Interactive, Inc. is a corporation incorporated under the laws of Ohio with a national presence that maintains an office in Los Angeles, California. Defendant Scripps Networks Interactive, Inc. owns Defendant Scripps Networks, LLC. Based upon information and belief, Defendant Scripps Networks Interactive has been engaging in tortious conduct to prevent Plaintiff from being able to find employment as alleged herein.

3. Plaintiff is informed and believes that, at all relevant times, Defendant Scripps Networks, LLC, is a Delaware limited liability company, and who has a national presence, including in Los Angeles, California. Both Scripps Networks Interactive, Inc. and Scripps Networks, LLC shall hereafter collectively be referred to as "Scripps."

4. Plaintiff is informed and believes that, at all relevant times, Defendant Carlsen Resources, Inc. ("Carlsen Resources") is a Colorado corporation incorporated under the laws of Colorado who solicits and conducts business in California as a corporate recruiter and entered into an agreement with Plaintiff, a California resident, while he was in California, with knowledge that he was in California. Through the actions of its employees, including, but not necessarily limited to, Cade Cyphers, Director of Candidate Development, Carlsen Resources caused Plaintiff to sustain severe emotional distress, pain and suffering, and significant monetary damages as set forth in this Complaint. In doing the acts and things described in this Complaint, Cyphers was acting on behalf of and with the authority of Carlsen

-2-
COMPLAINT

Resources and Assurant and/or DOES 1 through 50, and was acting in the course and scope of his employment. At all relevant times, Carlsen acted as the agent of Defendant Assurant, Inc.

5. Plaintiff is informed and believes that, at all relevant times, Defendant Assurant, Inc. ("Assurant"), is a Delaware corporation incorporated under the laws of Delaware, who has a national presence and maintains an office located at 1960 East Grand Avenue, Suite 1100 El Segundo, CA 90245, located in the County of Los Angeles.

6. Plaintiff does not know the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues them by said fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes that in addition to Defendants Scripps Networks Interactive, Inc., Scripps Networks, LLC, Carlsen Resources, Inc., Assurant Inc., each of the defendants sued herein as a DOE defendant is also legally responsible for the events that gave rise to Plaintiff's causes of action against Defendants and each of them, and each of them directly and/or indirectly conspired with on another to unlawfully cause injuries and damages to Plaintiff as alleged in this Complaint and/or their own direct actions caused the damages and injuries complained of by Plaintiff herein, including but not limited to, sabotaging Plaintiff's efforts to seek employment. The named Defendants and DOES 1-50 are collectively referred to in this Complaint as "Defendants."

7. Plaintiff is informed and believes, and thereon alleges that each defendant was in some way responsible for Plaintiff's injuries and damages alleged herein, that each defendant contributed to and participated in acts alleged herein and that, in contributing to and participating in such conduct, each defendant was the agent of each other and was acting in the course and scope of such agency and/or each defendant acted with permission, consent, ratification, authorization or notification of the other defendants.

8. Defendants and DOES 1 through 50, and each of them, are, and at all relevant times mentioned were, corporations or other business entities conducting and soliciting business in the State of California.

-3-

COMPLAINT

9. Venue is proper in this Court because Defendants sell, promote, do business in Los Angeles County, because the Defendants have committed wrongs in this Complaint against a resident of Los Angeles County, and because the injuries alleged herein occurred in this County, including continuing to commit tortious conduct against Plaintiff to prospective employers in Los Angeles where Plaintiff applied for potential employment.

10. The Court has personal jurisdiction over Defendants because they committed wrongs against Plaintiff while he was in Los Angeles County. Carlsen Resources and Cyphers solicited and recruited Plaintiff for executive placement services while Plaintiff was a resident of Los Angeles, California. The Court has personal jurisdiction over Plaintiff because he is a resident of the State of California.

## FACTUAL BACKGROUND AND COMMON ALLEGATIONS

11. Plaintiff re-alleges and incorporates by reference all of the prior paragraphs in this Complaint as though fully set forth herein.

12. Plaintiff has more than 10 years of experiences working in the cable industry, including relevant and highly sought after experiences. After his employment was wrongfully terminated by Scripps, Plaintiff has been searching for work to no avail. On or about August 24, 2015, Cyphers of Carlsen Resources solicited and recruited Plaintiff at his home in Los Angeles to sign up for its executive employment placement services for a position at Assurant as Senior Sales Executive for which Plaintiff was highly qualified. Cyphers of Carlsen Resources initially was very excited about Plaintiff's experiences and industry contacts, and praised Plaintiff. Carlsen Resources told Plaintiff that they were impressed with Plaintiff, but then, they didn't consider him for the position and eventually made up excuses. In addition, Carlsen Resources has an Executive on Demand program which is akin to a temporary assignment where corporations need executives to fill in while their regular employees went on maternity leave or other leaves of absences, but Carlsen Resources didn't even consider Plaintiff and didn't call Plaintiff for consideration of positions in its Executive on Demand Program, even though some recruiters at Carlsen Resources told Plaintiff that he was great and had the right unique

-4-

COMPLAINT

experiences that Assurant was looking for and even though it had been Carlsen who had contacted Plaintiff to begin with on or about August 24, 2015.

13. Plaintiff is informed and believes that Carlsen Resources works and has worked closely with Scripps. Former Scripps President John Lansing is quoted in a testimonial on the Carlsen Resources website.

14. On or about August 24, 2015, Cyphers of Carlsen Resources presented Plaintiff with a Senior Sales Executive position with Assurant and recruited him to submit his resume for the position. Plaintiff is informed and believes that Assurant engaged Carlsen Resources to recruit and screen on Assurant's behalf candidates to fill the Senior Sales Executive position. At all times, Cyphers and Carlsen Resources were acting within the scope of their agency with Assurant.

15. Plaintiff submitted his resume to Cyphers for the Senior Sales Executive position. Cyphers had informed Plaintiff the Senior Sales Executive would be responsible for selling two types of insurance products. First, the Senior Sales Executive would sell an Assurant insurance product to customers of Multichannel Video Programming Distributors ("MVPD") which would protect MVPD electronic equipment such as set-top boxes as well as non-MVPD equipment such as tablets and smart phones. Plaintiff knows only of one other such product sold by an MVPD that also protects non-MVPD equipment, which is an insurance product sold by DIRECTV. Plaintiff formerly worked at DIRECTV during which he helped develop and launch DIRECTV's first equipment protection insurance product. Second, the Senior Sales Executive would also be selling an MVPD insurance product protecting against losses from customer "churn," which is when customers switch to another MVPD. Again, Plaintiff had worked in customer marketing at DIRECTV in customer marketing where one of his responsibilities was reducing customer churn.

16. Plaintiff's resume submitted to Cyphers detailed Plaintiff's extensive experience at DIRECTV showing his experience developing and launching new businesses as well as his experience implementing advertising and marketing campaigns to reduce customer churn.

-5-
COMPLAINT

17. On September 8, 2015, Cyphers conducted a telephone interview with Plaintiff for the Senior Sales Executive position. Plaintiff interviewed for the position while he was in Los Angeles. During the interview, Plaintiff informed Cyphers that when he had previously worked at DIRECTV, he was on the team that developed the DIRECTV equipment protection plan. Plaintiff was told by Cyphers that Plaintiff's experiences for the Assurant position were highly relevant, and that Cyphers was excited when they discussed Plaintiff's experience working on the DIRECTV equipment protection plan because this plan was very similar to the type of protection plan that the Assurant Senior Sales Executive would be selling. Cyphers was also pleased that Plaintiff had experience in reducing customer churn. After hearing about Plaintiff's experience, Cyphers was even more excited and pleased that Plaintiff's experience with the DIRECTV insurance product and his experience at Scripps matched the needs of Assurant's insurance products so well.

18. In a thank you email from Plaintiff to Cyphers on September 9, 2015, Plaintiff reiterated his experience developing the DIRECTV equipment protection plan insurance product. Plaintiff also gave two specific examples of products he had launched: the DIRECTV equipment protection plan insurance product and a download-to-own business at Scripps.

19. The Senior Sales Executive position was supposed to work in the cities of Atlanta, Miami, or York, PA; however Assurant had difficulty finding a candidate willing to relocate to those cities and Plaintiff had lived a short distance from one of those cities previously, and previously had lived in the South such that geography and relocation wouldn't have been any issue to Plaintiff. Cyphers informed Plaintiff that Assurant also told Cyphers it would offer the hired candidate the opportunity to work remotely. Accordingly, Cyphers informed Plaintiff that relocation was no longer a requirement for the position, and Plaintiff could work remotely from his home in Los Angeles, California. Despite the offer to work remotely, Plaintiff told Cyphers he was willing to relocate to Atlanta or Miami for the position. Cyphers was very pleased with Plaintiff's willingness to relocate and informed Plaintiff it would be a "big plus" for his candidacy. Cyphers also represented to Plaintiff that Assurant wanted a candidate

who had current contacts with Multichannel Video Programming Distributors. During that conversation, Cyphers and Plaintiff discussed the fact that there would be a limited number of executives who work on protection plans at the MVPD's almost no one would have such contacts with those MVPD executives because there are a limited number of gatekeepers in the MVPD industry and these gatekeepers would not be the ones working on the MVPD protection plan insurance products. Therefore, the key is to find someone who could be introduced to the right executives, the ones making the decision as to whether to sell the protection plan insurance products to its customers. With Plaintiff's ten years of industry experience working with high-level MVPD executives, he would have no problem being introduced to the MVPD executives who are responsible for protection plan insurance products. Cyphers agreed with Plaintiff.

20. However, thereafter Carlsen and Cyphers did not get back to Plaintiff and did not respond to his follow up e-mail of September 15, 2015. It was only on September 22, 2015 that Cyphers responded after Plaintiff's second follow up email of September 21, 2015, at which time Cyphers represented to Plaintiff that Assurant was gravitating toward a couple of more senior candidates. Further, Cyphers had told Plaintiff during the interview in early September, 2015 that Assurant didn't want to pay for more senior candidate's salaries, and was pleased that Plaintiff's base salary at Scripps was essential the same as the base salary being offered by Assurant, yet, later on, Carlsen Resources told Plaintiff that Assurant wanted to hire more senior persons. To Plaintiff's knowledge, he was given false reasons for not being considered further for the position.

21. Plaintiff is informed and believes that Executive Vice President of Carlsen Resources is Terri Thompson who knows everyone at Scripps, and Carlsen Resources even lists on its website a quote from the former President of Scripps, John Lansing.

22. Cyphers told Plaintiff that he would be perfect for the position since Plaintiff had experience developing a protection plan insurance product while working at an MVPD, since the MVPD protection plan insurance product was a new business for Assurant, and since Assurant wanted someone with

-7-
COMPLAINT

experience working with the largest MVPD's, which Plaintiff does have. Furthermore, as Plaintiff's resume shows, Plaintiff worked with all of the largest MVPD's which account for over 80% of the subscribers in the MVPD industry, and Cyphers informed Plaintiff that Assurant would only be targeting the largest MVPD's with its equipment protection plan insurance product.

23. Plaintiff is informed and believes that he didn't get the position with Assurant and was deprived of the services of Carlsen and of the related opportunities because in the course of Plaintiff's job application for the Assurant job, Plaintiff believes that Defendants Scripps made misrepresentations to prevent him or attempt to prevent him from securing employment in or about the summer or fall of 2015 and otherwise the services of Carlsen Resources, which is apparent because Carlsen was excited about him candidacy and his qualifications in late August, 2015 and early September, 2015 yet he was summarily disregarded as set forth herein shortly thereafter.

24. The actions alleged herein constitute violations of California law. The use of such unfair and illegal business practices create an unfair business advantage over competitors and harms consumers within the State of California.

25. As a direct and proximate result of the above-described conduct, Plaintiff has suffered and will suffer emotional distress.

26. Additionally, as a direct and proximate result of the above-described conduct, Plaintiff has suffered and continues to suffer significant damage to his reputation and to his profession, occupation, and livelihood.

27. As a direct, legal and proximate cause of Defendants' actions, Plaintiff has been caused to suffer damages including but not limited to loss of earnings, costs of suit, and all of Plaintiff's general and special damages, in an amount to be determined according to proof at trial in excess of $25,000.00.

### FIRST CAUSE OF ACTION FOR NEGLIGENCE
### (AGAINST ALL DEFENDANTS AND DOES 1-50)

28. Plaintiff re-alleges and incorporates by reference all of the prior paragraphs in this Complaint as though fully set forth herein.

29. Defendants, and each of them, owed Plaintiff a duty of care to Plaintiff, including, but not limited to, not to make misrepresentations to prevent or attempt to prevent the Plaintiff from obtaining employment, and not to aid or abet, approve, or ratify wrongful and illegal behavior against Plaintiff. Defendants breached their duty.

30. Defendants' negligent conduct was a substantial factor in causing Plaintiff to suffer tangible economic loss, as well as serious emotional distress, pain and suffering, and other damages that Defendants caused Plaintiff.

31. As a direct and legal result of the negligent acts and omissions of Defendants, and each of them, Plaintiff has suffered damages, including but not limited to tangible economic loss, as well as serious emotional distress, pain and suffering, and other damages.

32. As a result of Defendants' negligent conduct, and as a direct and proximate cause of said conduct, Plaintiff suffered and continues to suffer, among other things, lost wages, future damages, and all employment benefits, and all sums of money, as well as humiliation, emotional distress, injuries to Plaintiff's psyche, and all of Plaintiff's general and special damages, in an amount to be determined according to proof at trial.

## SECOND CAUSE OF ACTION FOR NEGLIGENCE PER SE
### (AGAINST DEFENDANTS SCRIPPS NETWORKS INTERACTIVE, INC. AND SCRIPPS NETWORKS, LLC, AND DOES 1-50)

33. Plaintiff re-alleges and incorporates by reference all of the prior paragraphs in this Complaint as though fully set forth herein.

34. Plaintiff is informed and believes and thereon alleges that Defendants Scripps violated various statutes applicable to Defendants' duty of care owed to Plaintiff, including but not limited to:

    a. California Labor Code § 1050 which states: "Any person, or agent or officer thereof, who, after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment, is guilty of a misdemeanor."

    b. California Labor Code § 1054: "In addition to and apart from the criminal penalty provided any person or agent or officer thereof, who violates any provision of sections 1050 to 1052, inclusive, is liable to the party aggrieved, in a civil action, for treble damages. Such civil action may be brought by

1  such aggrieved person or his assigns, or successors in interest, without first establishing any criminal
2  liability under this article."
3      c. California Business & Professions Code § 17200 et seq. which makes it a violation to engage
4         in unfair competition which includes:"unlawful, unfair or fraudulent business act or practice
5         and unfair, deceptive, untrue or misleading advertising."
6  35. Said Defendants violated the above statutes with regard to Plaintiff, including but not limited to,
7  not to make misrepresentation to prevent or attempt to prevent the Plaintiff from obtaining employment,
8  and not to aid or abet, approve, or ratify wrongful and illegal behavior against Plaintiff. Defendants'
9  negligent acts and omissions, including the violation of the applicable statutes, caused harm to Plaintiff.
10 36. As a result of Said Defendants' negligent conduct, in violation of California Labor Code § 1050,
11 California Business & Professions Code § 17200 et seq., of public policy and as a direct and proximate
12 cause of said conduct, Plaintiff suffered and continues to suffer, among other things, lost wages, future
13 damages, and all employment benefits, and all sums of money, as well as humiliation, emotional
14 distress, injuries to Plaintiff's psyche, and all of Plaintiff's general and special damages, in an amount to
15 be determined according to proof at trial.

### THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS AND DOES 1-50)

18 37. Plaintiff re-alleges and incorporates by reference all of the prior paragraphs of this Complaint as
19 though fully set forth herein.
20 38. Defendants engaged in extreme and outrageous conduct, including but not limited to sabotaging
21 Plaintiff's efforts to obtain employment with a blatant disregard of Plaintiff's rights under California
22 law, and misrepresentation preventing or attempting to prevent Plaintiff from obtaining employment.
23 39. As a result of Defendants' malicious, oppressive and outrageous conduct, in violation of
24 California Labor Code § 1050, California Business & Professions Code § 17200 et seq., of public policy
25 and as a direct and proximate cause of said conduct, Plaintiff suffered and continues to suffer, among
26 other things, lost wages, future damages, and all employment benefits, and all sums of money, as well as
27 humiliation, emotional distress, injuries to Plaintiff's psyche, and all of Plaintiff's general and special
28 damages, in an amount to be determined according to proof at trial. Based on the conduct alleged against

Defendants, Defendants' tortious and statutorily illegal conduct caused injuries and damages to Plaintiff, including but not limited, to the above injuries and damages, which expose Defendants to punitive damages.

### FOURTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS AND DOES 1-50)

40. Plaintiff re-alleges and incorporates by reference all of the prior paragraphs of this Complaint as though fully set forth herein.

41. Defendants owed Plaintiff a duty of care not to sabotage Plaintiff's efforts to obtain employment and not to engage in misrepresentations preventing or attempting to prevent Plaintiff from obtaining employment.

42. Defendants' negligent conduct was a substantial factor in causing Plaintiff to suffer tangible economic loss, as well as serious emotional distress, pain and suffering, and other damages that Defendant caused Plaintiff.

43. As a result of Defendants' negligent conduct, in violation California Labor Code § 1050, California Business & Professions Code § 17200 *et seq.*, of public policy and as a direct and proximate cause of said conduct, Plaintiff suffered and continues to suffer, among other things, lost wages, future damages, and all employment benefits, and all sums of money, as well as humiliation, emotional distress, injuries to Plaintiff's psyche, and all of Plaintiff's general and special damages, in an amount to be determined according to proof at trial.

### FIFTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 1050 ET SEQ.
### (AGAINST DEFENDANTS SCRIPPS NETWORKS INTERACTIVE, INC. AND SCRIPPS NETWORKS, LLC AND DOES 1-50)

44. Plaintiff re-alleges and incorporates by reference all of the prior paragraphs of this Complaint as though fully set forth herein.

45. Plaintiff is informed and believes that after Plaintiff's employment with Defendants Scripps ended, including but not limited to, making statements about Plaintiff in the summer or fall of 2015, Defendants Scripps made misrepresentations preventing or attempting to prevent Plaintiff from obtaining employment which violated California law.

46. Pursuant to California Labor Code § 1054: "In addition to and apart from the criminal penalty provided any person or agent or officer thereof, who violates any provision of sections 1050 to 1052, inclusive, is liable to the party aggrieved, in a civil action, for treble damages. Such civil action may be brought by such aggrieved person or his assigns, or successors in interest, without first establishing any criminal liability under this article."

47. Defendants Scripps' conduct was a substantial factor in causing Plaintiff to suffer and continue to suffer prejudice and pecuniary loss as described herein. The exact amount of damages suffered by Plaintiff are in an amount to be determined according to proof at trial in excess of $25,000.00, as well as any civil penalties, attorney's fees and costs, treble damages under the California Labor Code.

### SIXTH CAUSE OF ACTION FOR VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200 ET SEQ
### (AGAINST ALL DEFENDANTS)

48. Plaintiff re-alleges and incorporates by reference all of the prior paragraphs of this Complaint as though fully set forth herein.

49. California Business and Professions Code § 17200 *et seq.* makes it illegal to engage in "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

50. Through the acts complained of in this Complaint, including but not limited to their violations of California Labor Code § 1050 and 1102.5 and California common law for tortious conduct, and breach of Plaintiff's agreement with Carlsen Resources, Defendants engaged in and continue to engage in acts and practices in violation of section 17200.

51. Defendants committed, and continue to commit, unlawful and unfair business acts or practices, as defined in Business & Professions Code § 17200, by among other things, engaging in the unlawful and unfair acts complained of by Plaintiff in this Complaint.

52. Defendants' conduct, acts, and practices in violation of the California statute, Constitution, and common law above each constitute a separate and independent violation of Business & Professions Code § 17200 *et seq.*

53. Defendants' actions have damaged and continue to damage Plaintiff by, among other things, violating Plaintiff's rights under the aforementioned California statutes, and other common law rights, and as otherwise alleged in this Complaint.

54. Accordingly, Plaintiff is entitled to restitution of all monies that Defendants improperly, unfairly, fraudulently, and/or unlawfully withheld from Plaintiff, to be determined according to proof at trial as well as to disgorgement.

55. Pursuant to Business & Professions Code § 17200, Plaintiff also seeks and is entitled to an injunction prohibiting Defendants from engaging in any further acts of unfair competition in violation of section 17200 *et seq*.

56. Pursuant to California Code of Civil Procedure section 1021.5, Plaintiff is entitled to, and seeks recovery of attorney's fees and costs because this action will result in the enforcement of an important right affecting the public interest in which a significant benefit is conferred on the general public, the necessity and financial burden of private enforcement are such as to make the award appropriate, and, in the interest of justice, the fees and costs incurred to enforce such right affecting public interest should be paid in addition to any recovery otherwise obtained by Plaintiff in this action, if any.

### SEVENTH CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONSHIPS/ECONOMIC ADVANTAGE
### (AGAINST ALL DEFENDANTS AND DOES 1-50)

57. Plaintiff re-alleges and incorporates by reference all of the prior paragraphs in this Complaint as though fully set forth herein.

58. Defendants' conduct interfered with Plaintiff's prospective economic advantages and with the probability of future economic benefit that Plaintiff would have received from his prospective employment at Assurant, which he would have obtained but for Defendants' violations alleged herein which caused damages to Plaintiff.

59. As a direct and proximate result of said Defendants' intentional interference as alleged herein, Plaintiff has suffered, and is entitled to recover substantial damages for which Plaintiff is entitled to compensation in an amount to be proven at trial.

60. The Defendants engaged in acts that were intentionally malicious, fraudulent and/or oppressive, with an evil and malevolent motive to injure Plaintiff and with a conscious disregard of Plaintiff's rights

under California law. Based on the outrageous conduct of said Defendants, Plaintiff is entitled to punitive and exemplary damages in an amount to be determined according to proof at trial.

### EIGHTH CAUSE OF ACTION FOR BREACH OF CONTRACT
### (AGAINST CARLSEN RESOURCES, INC., ASSURANT, INC. AND DOES 1-50)

61. Plaintiff re-alleges and incorporates by reference all of the prior paragraphs in this Complaint as though fully set forth herein.

62. Plaintiff entered into an agreement with Carlsen Resources to provide career placement services to him including presenting him with job opportunities and submitting his resume. Carlsen was the agent of Assurant and Assurant was the principal such that Assurant is also liable for breach of contract to Plaintiff as alleged herein.

63. Plaintiff is informed and believes that Defendants Carlsen Resources and Cyphers failed to adequately represent Plaintiff in the job search process, including but not limited to, making excuses after it learned from the other Defendants about their misrepresentations about Plaintiff, which was in breach of their contract with Plaintiff.

64. Plaintiff performed all conditions precedent in his contract with Defendants Carlsen Resources and Cyphers.

65. In breaching the contract, Carlsen Resources and Cyphers, and Assurant, harmed and, as a direct and proximate result of said Defendants' breach, Plaintiff also has suffered, and is entitled to recover substantial special and general damages, including, but not limited to, lost income, for which Plaintiff is entitled to compensation in an amount to be proven at trial.

### NINTH CAUSE OF ACTION FOR BREACH OF IMPLIED GOOD FAITH AND FAIR DEALING, AND DUTY TO USE BEST EFFORTS
### (CARLSEN RESOURCES, INC., ASSURANT, INC. AND DOES 1-50)

66. Plaintiff re-alleges and incorporates by reference all of the prior paragraphs in this Complaint as though fully set forth herein.

67. Carlsen was the agent of Assurant and Assurant was the principal such that Assurant is also liable for breach of the covenant of good faith and fair dealing and duty to use best efforts to Plaintiff as alleged herein.

-14-
COMPLAINT

68. Defendants Carlsen Resources and Cyphers failed to use their best efforts to represent Plaintiff, including but not limited to, relying on misrepresentations and failing to adequately represent and consider Plaintiff, his candidacy and his qualifications.

69. Implicit in every contract is the duty of good faith and fair dealing and to use best efforts, and in this case, based on the foregoing facts stated in this Complaint, Defendants Carlsen Resources and Cyphers, and Assurant, violated their duties owed to Plaintiff and the implied covenant of good faith and fair dealing in their contract with Plaintiff.

70. As a direct and proximate result of said breach, Plaintiff has suffered, and is entitled to recover substantial damages for which Plaintiff is entitled to compensation in an amount to be proven at trial.

### TENTH CAUSE OF ACTION FOR VIOLATION OF LABOR CODE SECTION 1102.5 (DEFENDANTS SCRIPPS NETWORKS INTERACTIVE, INC. AND SCRIPPS NETWORKS, LLC AND DOES 1-50)

71. Plaintiff re-alleges and incorporates by reference all of the prior paragraphs in this Complaint as though fully set forth herein.

72. Plaintiff is informed and believes that Defendants alleged herein violated Labor Code section 1102.5 which prohibits an employer from taking any action to retaliate against a former employee who engaged in whistleblowing activities where the former employee complained to a government agency regarding the wrongdoing of the employer.

73. Plaintiff alleges that he had complained to various governmental agencies about Defendants' wrongdoing, and has reasonable cause to believe that the information disclosed shows violation of state or federal laws, and as a result of his complaint, Defendants took adverse actions against him, including harming his reputation in the industry and thwarting his efforts to secure employment, such as the employment with Assurant as alleged herein in the summer or fall of 2015.

74. Defendants' actions have caused significant harm to Plaintiff, including but not limited to, damage to his reputation, loss of future wages, emotional distress, and physical injuries that resulted in Plaintiff suffering from headaches, sleeplessness, stomach ache, aggravation, sadness, and depression, and anxiety.

75. Plaintiff is entitled to punitive damages, statutory damages, and attorney's fees and costs provided for under the law.

-15-
COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants Scripps Networks Interactive, Inc., Scripps Networks, LLC, Carlsen Resources, Inc., Assurant, Inc. and DOES 1 through 50, and each of them as follows:

1. For general damages in an amount to be determined according to proof at trial, but at least in excess of this Court's jurisdictional amount of $25,000;
2. For special damages in an amount to be determined according to proof at trial, but at least in excess of this Court's jurisdictional amount of $25,000;
3. For presumed damages;
4. For statutory damages;
5. For treble damages;
6. For restitution to Plaintiff in an amount to be determined according to proof at trial;
7. For punitive and exemplary damages in an amount to be determined according to proof at trial;
8. For injunctive relief in the form of, among other things, preliminary and permanent injunctions;
9. For costs, penalties, attorneys' fees and costs to the fullest extent provided by law and by contract.
10. For recovery of costs of suit herein, and for Plaintiff's attorney's fees in connection with any of Plaintiff's causes of action in this Complaint but not specifically requested in this Prayer for Relief; and
11. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims regarding this Complaint.

DATED: February 16, 2016

HUA GALLAI, LLP

By: _____
Nicholas T. Hua
Giacomo Gallai

Attorneys for Plaintiff ERIC SIEGEL

-17-
COMPLAINT